1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN RICHARDSON,

11          Plaintiff,                    No. CIV S-09-2458 LKK KJM P

12      vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS,

14

15          Defendant.                    <u>ORDER</u>
     _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $3.20 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

                                           1

1   preceding month's income credited to plaintiff's prison trust account.  These payments will be

2   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10          In order to avoid dismissal for failure to state a claim a complaint must contain

11   more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

12   of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

13   words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

14   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

15   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

16   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

17   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

18   S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

19   granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

20   (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

21   Rhodes, 416 U.S. 232, 236 (1974).

22          Plaintiff alleges that in 2000, as a component of his high control parole, defendant

23   California Department of Corrections (CDC) imposed a life time registration requirement on

24   him.  He also alleges he completed his parole in 2002 or 2003 and the registration requirement

25   should have been discharged at that point because it had not been imposed by a court.

26   /////

2

1    To proceed with this civil rights action, plaintiff must plead that a person acting

2    under the color of state law deprived him of a constitutional right.  Flagg Bros., Inc. v. Brooks,

3    436 U.S. 149, 155 (1978).  Plaintiff has not satisfied either prong of the required showing.

4    In Smith v. Doe, 538 U.S. 84 (2003), several sex offenders challenged a life time

5    registration requirement that had not been imposed as part of their sentences but rather as the

6    result of the enactment of a new law.  The Supreme Court found that the registration requirement

7    was not punitive and so its imposition on the plaintiffs, even after they had completed their

8    sentences, did not violate the Ex Post Facto Clause.  Id. at 1146, 1149, 1154.  Although it is not

9    entirely clear, it appears plaintiff is raising an ex post facto challenge to the registration

10    requirement, a challenge that does not state a claim under the civil rights act.

11    In addition, plaintiff names CDC as the only defendant.  The Eleventh

12    Amendment bars suits against the state and its agencies, even those seeking only injunctive

13    relief,  in the absence of the state's consent.  Pennhurst State School v. Haldeman, 465 U.S. 89,

14    102 (1984).  In addition, neither a state nor its agencies are "persons" subject to suit in a civil

15    rights action.  Will v. Michigan Department of State Police, 491 U.S. 58, 64 (1989).

16    Notwithstanding the foregoing, because plaintiff's claim is not well-defined, the

17    court is unable to determine  whether the current action is frivolous or fails to state a claim for

18    relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P.

19    8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

20    notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

21    Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

22    particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because

23    plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint

24    must be dismissed.

25    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

26    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3

1   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

2   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

3   there is some affirmative link or connection between a defendant's actions and the claimed

4   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

5   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

6   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

7   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

9   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

10  amended complaint be complete in itself without reference to any prior pleading.  This is

11  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

12  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

13  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

14  original complaint, each claim and the involvement of each defendant must be sufficiently

15  alleged.

16          In accordance with the above, IT IS HEREBY ORDERED that:

17          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

18          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

19  Plaintiff is assessed an initial partial filing fee of $3.20.  All fees shall be collected and paid in

20  accordance with this court's order to the Director of the California Department of Corrections

21  and Rehabilitation filed concurrently herewith.

22          3.  Plaintiff's complaint is dismissed.

23          4.  Plaintiff is granted thirty days from the date of service of this order to file an

24  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

25  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

26  docket number assigned this case and must be labeled "Amended Complaint"; failure to file an

1   amended complaint in accordance with this order will result in a recommendation that this action

2   be dismissed.

3          5.  The Clerk of the Court is directed to send plaintiff the form for a civil rights

4   action by a prisoner.

5   DATED:  April 27, 2010.

6                                                        U.S. MAGISTRATE JUDGE

7   2/rich2458.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26